UNDERWOOD *v*. BANKS.

Opinion delivered February 17, 1906.

REAL ESTATE BROKER—IMPLIED AUTHORITY.—A real estate broker, employed to sell land for a certain commission, has no implied authority to bind his principal in addition thereto by purchasing an abstract of the title at the latter's expense.

Appeal from Lonoke Circuit Court; *George M. Chapline,* Judge; affirmed.

*George Sibly,* for appellant.

Letters introduced do not establish a valid contract. Conceding that a contract of agency was established, no power was conferred to employ counsel and make abstract of title, and can not be implied. Beach on Agency, § 288. The parties must have authority to contract in relation to the subject-matter. *Ib.* § 300. And the authority of the agent is limited to the contract. *Ib.* § § 306, 307 and 318. He is entitled to compensation only upon performance of duties authorized and according to instructions. *Ib.* § 597.

*T. C.. Trimble, Joe T. Robinson* and *T. C. Trimble, Jr.,* for appellee.

The only questions involved were questions of fact. The findings of the court, sitting as a jury, are sustained by the evidence, and will not be disturbed. 53 Ark. 527; *Ib.* 537; 54 Ark. 229; 59 Ark. 329; 57 Ark. 577; 46 Ark. 524; 47 Ark. 196; 50 Ark. 511; 13 Ark. 317; 51 Ark. 115; *Ib.* 324. A new trial will not be awarded unless there is no evidence to sustain the verdict. 17 Ark. 449; 19 Ark. 671; 24 Ark. 251.

BATTLE, J. The plaintiff, W. R. Banks, alleged in his complaint that he was engaged in buying and selling real estate in the year 1901, and while so engaged the defendant, Minnie V. Underwood, employed him to sell certain lands which she represented to him as belonging to her, and agreed to pay him five per cent. commissions on the amount of the sale, if he sold; that he sold the lands for $1,500, and paid the defendant $50 of this sum, and that she refused to comply with her contract and convey the lands to the purchaser. He further alleged that she caused and induced

him to employ certain attorneys to "investigate, correct and adjust the title to the lands," and "to resist litigation then pending, and indirectly relating to the title to said property and affecting the same in the Lonoke Probate Court," and for their services paid $50, and caused him to have made an abstract of title to the lands at an expense of $35. And he asked for judgment against the defendant for the sum of $210.

The defendant being a non-resident of this State, the plaintiff caused a warning order against her to be made and published, and sued out an order of attachment, and caused it to be levied on certain lands as the property of the defendant.

The defendant answered, and admitted that she agreed to pay to the plaintiff five per cent. commissions on the price of land if he sold; denied representing to him that the lands belonged to her; admitted that she received the $50 from the plaintiff; denied authorizing plaintiff to employ attorneys or to pay for their services.

The parties waiving a jury, the issues were tried by the court. After hearing the evidence adduced by the parties, the court found that the defendant employed the plaintiff to sell the lands, and agreed to give him five per cent. commissions on the amount of the purchase price; that he sold the lands for $1,500, and that she is indebted to him therefor in the sum of $75; that $50 of the purchase money was paid to her; that an abstract of title to the lands was made, for which plaintiff paid $35; and that she is indebted to him in the sum of $75 on account of sale, in the sum of $50 on account of part of the purchase money paid, and in the sum of $35 for abstract; and rendered judgment against her in favor of the plaintiff for $171, and sustained the attachment. Defendant appealed.

There is no evidence to show that appellee was authorized to procure an abstract of title to the lands, or that appellant agreed to pay for it. All that appellant promised to pay appellee for his services was five per cent. commissions on the amount of the sale. The court, therefore, erred in finding that appellant was indebted to appellee for the abstract. In other respects the evidence sustains the findings of the court. The order of attachment being lawfully sued out, the appellant was liable for the cost of the attachment. The appellee was entitled to a judgment for $125

and six per cent. per ·annum interest from day on which this action was commenced, and for costs.

The judgment of the circuit court is reversed, and the cause is remanded, with instructions to the court to enter a judgment in accordance with this opinion.